HARRY SLIFFMAN and DORA SLIFFMAN, Landlords, Appellants, *v.* HARRY STRAUSS, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Summary proceedings to dispossess — proceeding by landlords to recover possession of premises for own use and occupancy — failure of tenant to show landlords were not acting in good faith — evidence showing rental of vacant apartment in premises in absence of other proof challenging good faith, irrelevant and prejudicial — order denying landlords' motion to set aside verdict reversed.

An order denying a motion of landlords, in summary proceedings to recover possession of premises for their own personal use and occupancy, to set aside the verdict as contrary to law and against the weight of evidence should be reversed where it appears that the tenant failed to prove that the landlords were not seeking the premises in good faith and where the only evidence tending to challenge the landlords' good faith was to the effect that they had rented a vacant apartment in the same building at an increased rental, which, in the absence of other proof, was irrelevant and highly prejudicial.

APPEAL by landlords from a final order of the Municipal Court of the city of New York, borough of The Bronx, first district, in favor of tenant and from an order denying landlords' motion to set aside the verdict as contrary to law and against the weight of evidence.

*Arthur B. Kelly,* for the appellants.

*Harry Kempner,* for the respondent.

LEVY, J. The landlords brought this proceeding to obtain possession of the apartment in question upon the statutory ground, viz.: " That being natural persons and owners of record of said

building desire in good faith the possession thereof for their own use and for their immediate family for personal occupancy as a dwelling." It was their contention that the apartment which they, together with their five children, occupied in another building was unfit for their use because it contained only five rooms while the apartment they sought to recover by this proceeding contained six rooms and was situated on the ground floor. The tenant did not offer any testimony to prove that the landlords were not acting in good faith. There was some evidence about a vacant apartment which occurred in the premises shortly after the landlords took title, and it was the tenant's position that the landlords' failure to take possession of the vacant apartment previously occurring, constituted bad faith. There is no merit in that contention. The landlord is required by the statute to establish good faith by showing that he desires the apartment for immediate, personal and family use as a dwelling. In such a case, under the authorities, his right to a final order against the tenant is absolute and this, even though there is another apartment in the building which is unoccupied and might meet the landlord's needs as a dwelling. Why the landlords seek the particular apartment is wholly immaterial so long as they comply with the statute, show good faith and do not employ the proceedings as a subterfuge.

The trial court permitted the introduction of evidence to the effect that the landlords had rented the vacant apartment at a higher rental. In the absence of proof of other circumstances tending also to challenge the good faith, this evidence was unquestionably irrelevant and highly prejudicial. It could accomplish no more than to confuse the real issue involved in the controversy and leave a wrong impression in the minds of the jury.

The identical points raised in this proceeding were decided by this court in *Saperstein* v. *Rubin*, 191 N. Y. Supp. 405, and that case seems to be conclusive.

Final order reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

BIJUR and MULLAN, JJ., concur.

Order reversed and new trial ordered.